# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **C.R.**

**No. 15-0411** (Ohio County 14-CJA-50)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.C., by counsel Brent A. Clyburn, appeals the Circuit Court of Ohio County's March 31, 2015, order terminating his parental rights to C.R. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Gerasimos Sklavounakis, filed a response on behalf of the child. On appeal, petitioner alleges that the circuit court erred in denying his motion for a post-adjudicatory improvement period and in terminating his parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, the DHHR filed a petition in the circuit court alleging that petitioner and C.R.'s mother, J.R.,[2] abused and neglected C.R. Specifically, the petition alleged that J.R. abused C.R. by using cocaine just prior to giving birth to C.R., born on June 23, 2014. The petition further alleged that both petitioner and J.R. had a history of drug abuse and drug trafficking in the home and that other individuals exposed C.R. to abuse and neglect. There was an additional allegation that petitioner and J.R. were homeless.

In July of 2014, the circuit court held a preliminary hearing, and both petitioner and J.R. waived their rights to the hearing. Additionally, the DHHR took custody of C.R. because he tested positive for cocaine and suffered withdrawals.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]J.R. subsequently relinquished her parental rights to C.R. and an older child, B.R. (Ohio County No. 14-CJA-51), after her adjudication and a failed improvement period. B.R. was not petitioner's child and, as such, is not included in his petition.

In September of 2014, the circuit court held an adjudicatory hearing. Petitioner failed to appear for the hearing because he was incarcerated in the State of Ohio, however, he was represented by counsel at the hearing. At the conclusion of the hearing, the circuit court adjudicated petitioner an abusing parent due to his drug abuse, repeated incarcerations which affected his ability to parent, and due to the poor and unsanitary living conditions in petitioner's prior home. The circuit court also found that petitioner was non-complaint with drug screening and not participating in services through the DHHR. In December of 2014, petitioner filed a motion for a post-adjudicatory improvement period.

In February of 2015, the circuit court held a dispositional hearing to address petitioner's motion for a post-adjudicatory improvement period and the DHHR and the guardian's motion to terminate petitioner's parental rights. Due to his continued incarceration, petitioner appeared for the hearing by phone. Testimony indicated that petitioner had a lengthy criminal history and would be incarcerated until approximately December of 2015. Petitioner admitted to abusing drugs, but denied having a problem with drug use, though he later admitted to having a drug problem and said he needed treatment. The DHHR further established that petitioner failed to submit to drug screens because he would not provide the DHHR with a working phone number or maintain communication with the DHHR. Petitioner further testified that there was a history of domestic violence in the home, and that he was homeless prior to his recent incarceration. Evidence presented also indicated that petitioner had been hospitalized previously for a self-inflicted gunshot wound. Petitioner testified that C.R. never lived with him, that his visitation with C.R. had been limited, and that there has been no visitation since petitioner's incarceration.

At the close of the hearing, the circuit court found that petitioner had a lengthy criminal record and a history of fleeing jurisdiction. The circuit court further found that petitioner refused to acknowledge his substance abuse problems or domestic violence issues; minimized his drug use; failed to recognize how his substance abuse and his criminal behavior affected his ability to parent C.R.; and had a long history of homelessness. At the conclusion of the hearing, the circuit court denied petitioner's motion for a post-adjudicatory improvement period because petitioner did not prove that he would likely fully participate. The circuit court also terminated his parental rights based upon its finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. In March of 2015, the circuit court entered its order denying petitioner's motion for an improvement period and terminating his parental rights to C.R. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

2

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period or in termination of his parental rights.

First, we find no merit to petitioner's argument that the circuit court erred in denying his motion for a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-6-12(b)(2), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." While petitioner argues that he could not address all the allegations of abuse against him due to his incarceration, he contends that he could comply with all the aspects of an improvement period after his release. The Court does not agree. Contrary to petitioner's argument, the circuit court did not base its denial of an improvement period upon his incarceration, but upon his failure to acknowledge the issues which led to the abuse and neglect of C.R. Petitioner's argument on appeal ignores the numerous problems he exhibited during the proceedings below and the continued deterioration in the conditions of abuse and neglect.

Specifically, the record is clear that petitioner failed to acknowledge all of the issues that led to the abuse and neglect of his child. "Failure to acknowledge the existence of the problem, i.e. the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *W.Va. Dep't of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 498, 475 S.E2d 865, 874 (1996). The record on appeal indicates that petitioner admitted to abusing drugs, but denied having a problem with drug use, despite his later testimony that he required treatment. In fact, hospital records indicated that petitioner admitted to using opiates and amphetamines. Although petitioner stated that he required treatment, the record is clear that petitioner failed to submit to drug screens. Likewise, petitioner would not provide the DHHR with a working phone number or maintain communication with the DHHR. Petitioner also admitted that he was homeless prior to his recent incarceration. Based upon this evidence, the circuit court found that petitioner was unlikely to fully participate in an improvement period, and we find no error in this determination.

As to petitioner's argument that the circuit court erred in terminating his parental rights, we find no error. As addressed above, the evidence established that petitioner failed to acknowledge the issues which led to the abuse and neglect of C.R. or comply with the DHHR's services. Pursuant to West Virginia Code § 49-6-5(b)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence outlined above. The circuit court also found that termination of petitioner's parental rights was in the child's best

interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

Further, we have previously held that

"[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Petitioner testified that C.R. never lived with him, that his visitation with C.R. had been limited, and that he had not visited with the child since his incarceration. Based on petitioner's testimony, the circuit court found that C.R. would have no basis for recognizing petitioner as his father. As such, it was not error for the circuit court to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 31, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II